IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CLIFTON CHOYCE, #00380334, | § § § | |
| Petitioner, | § § | |
| v. | § § | Civil Action No. H-22-3718 |
| BOBBY LUMPKIN, | § § § | |
| Respondent. | § § | |

## MEMORANDUM OPINION AND ORDER

Petitioner, a state inmate proceeding *pro se*, filed a habeas petition challenging a prison disciplinary conviction as a violation of his due process rights. He complains that, on December 22, 2021, he was found guilty of a disciplinary infraction at the Estelle Unit for threatening to inflict harm on a prison officer. He was sanctioned with commissary, telephone, cell, and recreation restrictions, and a reduction in line class status. He did not forfeit any accrued good time credit. Petitioner reports that he is eligible for mandatory supervised release, and seeks reversal of the disciplinary conviction and the return of his privileges and line class status.

Petitioner claims he was denied due process at the disciplinary hearing because he was not allowed to call witnesses or present a security camera videotape. A prisoner's constitutional rights in context of prison disciplinary proceedings are governed by the Due Process Clause of the Fourteenth Amendment. *Wolff v. McDonnell*, 418 U.S. 539, 557 (1974). Prisoners charged with institutional rule infractions are entitled to due process only

when the disciplinary action may result in a sanction that will infringe upon a constitutionally protected liberty interest. *Sandin v. Conner*, 515 U.S. 472, 484 (1995). A Texas prisoner can demonstrate a constitutional violation in connection with a prison disciplinary proceeding only if he is eligible for mandatory supervised release and the disciplinary conviction resulted in loss of accrued good time credit. *Malchi v. Thaler*, 211 F.3d 953, 957–58 (5th Cir. 2000).

Petitioner's reduction in line class status and temporary loss of privileges did not trigger due process protections. *See Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997); *Malchi*, 211 F.3d at 959; *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995). Petitioner argues that he was entitled to due process because his reduction in line class status negatively impacted his projected mandatory supervision release date. However, changes to line classification are not challengeable in federal habeas corpus as the "mere opportunity to earn good-time credits [does not] create a constitutionally cognizable liberty interest sufficient to trigger the protection of the Due Process Clause." *Luken*, 71 F.3d at 193–95 (5th Cir. 1995); *see also Malchi*, 211 F.3d at 958–59 (5th Cir. 2000) (explaining that only those Texas inmates who are eligible for early release on mandatory supervision have a protected liberty interest in their *previously earned* good-time credit). Thus, petitioner was not entitled to constitutional due process protections in his disciplinary proceeding and no cognizable ground for federal habeas relief is raised.

This lawsuit is **DISMISSED WITH PREJUDICE** for failure to state a cognizable federal habeas claim. All pending motions are **DENIED AS MOOT**. A certificate of appealability is **DENIED**.

Signed at Houston, Texas, on this the 16th day of June, 2023.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE